Filed 8/16/16  P. v. Simpson CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B267592 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA434749) |
| v. | |
| JOSEPH SIMPSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Affirmed as modified.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The Los Angeles County District Attorney charged defendant with attempted murder (Pen. Code, §§ 187, 664),[1] assault with a semiautomatic firearm (§ 245(b)), and being a felon in possession of a firearm (§ 29800). The charges arose from an incident in which defendant, while working as a security guard at a liquor store, shot a store customer. At trial, it was undisputed that defendant shot the customer, but defendant claimed he did so in self-defense.

The jury found defendant not guilty of the assault and attempted murder charges, but guilty of the felon in possession charge. Defendant waived his right to a jury trial on prior conviction allegations. The court found defendant had suffered three prior convictions for which he served prison terms within the meaning of section 667.5(b).

The trial court sentenced defendant to a total of four years in county jail, consisting of the mid-term of two years for the felon in possession conviction plus two one-year enhancement terms for the section 667.5 prior prison term allegations.[2] The court imposed the requisite fines, fees, and assessments, and gave defendant a total of 406 days of presentence credit—203 days of actual custody credit and 203 days of conduct credit.

We appointed counsel to represent defendant on appeal. After examining the record, counsel filed an opening brief raising no issues. On April 13, 2016, this court advised defendant he had 30 days to personally submit any contentions or issues he wished us to consider. We received no response.

We have examined the record and are satisfied defendant's attorney on appeal has complied with the responsibilities of counsel and no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278-282; *People v. Kelly* (2006) 40 Cal.4th 106, 122-124.) We have discovered, however, a minor computational error in the calculation of defendant's custody credits that requires

---

[1] Statutory references that follow are to the Penal Code.

[2] Defendant's third prison term was for a violation of Health and Safety Code section 11350, which is now a misdemeanor.

2

correction.  Defendant is entitled to only 202 days of conduct credit, for a total of 405 days of presentence credit.  (*People v. Chilelli* (2014) 225 Cal.App.4th 581, 591 [defendant is entitled to conduct credit at a rate of two days for every two days in presentence custody; if defendant serves an odd number of days he does not receive credit for the remaining single day].)

## DISPOSITION

Defendant's conduct credits are ordered corrected to 202 days, and his total presentence custody credits are ordered corrected to 405 days.  The clerk of the superior court shall prepare an amended abstract of judgment reflecting these corrections and deliver a copy to the Los Angeles County Sheriff.  The judgment of conviction is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

TURNER, P.J.

KRIEGLER, J.

3